## In re DAVENPORT's appeal.

[Filed November 30th, 1903.]

1. Where a decree expressing the necessity for and appointing an administrator *pendente lite* of a decedent's estate is not appealed from in the time required by law, an appeal from a subsequent decree appointing another, and fixing the amount of security to be given, and also reciting the former decree and declination of the first appointee to serve, does not call in question the necessity for the appointment of such administrator.

2. An appeal which calls in question only the selection of the person appointed as administrator *pendente lite* of a decedent's estate, and the amount of the security to be given, they being matters within the discretion of the court, is ineffective.

---

On motion to dismiss appeal.

*Mr. Frank T. Lloyd,* for the motion.

*Mr. Henry F. Stockwell, contra.*

MAGIE, ORDINARY.

The motion to dismiss this appeal is supported in the argument upon the ground (among others) that, if such an order is

appealable, the appeal in the present case, so far as the same is effective, was not taken within the time limited by law.

The decree appealed from was dated September 18th, 1903. It appointed an administrator *pendente lite* of the estate of Thomas C. Davenport, deceased, and fixed the amount of the security to be given by him. The appeal was demanded October 12th, 1903.

The transcript shows that on June 6th, 1903, the same orphans court made a decree, appointing an administrator *pendente lite* of the same estate and determining the amount of security which he should give. No appeal has ever been taken from that decree. The decree appealed from recited the decree of June 6th, 1903, and further recited that the administrator appointed by that decree had declined to act. The present administrator *pendente lite* was then appointed.

A decree appointing an administrator *pendente lite* is obviously founded on an adjudication by that court on each of three matters: (1) That a temporary administrator of the estate is essential to its care and preservation; (2) that a certain person is a proper person to be appointed; and (3) that he should be required to give security to a fixed amount.

The decree of June 6th expressed the adjudication of the court as to the necessity for such an administrator. If it was desired to review that adjudication, an appeal should have been taken from that decree. No such appeal having been taken within the time limited by law, the present appeal from the decree of September 18th calls in question only the selection of the person and the security to be required. If the administrator *pendente lite* first appointed had died, the selection and appointment of an administrator in his place would be a mere continuance of the former decree, and an appeal would not involve a review of the original decree.

In *Dietz* v. *Dietz, 11 Stew. Eq. 483,* Runyon, ordinary, held that the selection of the person to be appointed and the amount of security to be required of an administrator *pendente lite* were matters within the discretion of the orphans court, and that a party who had applied to that court for the appointment

of an administrator *pendente lite,* was not aggrieved by a decree for such an appointment of a particular person and fixing the security to be given by him.    His appeal from the decree appointing was dismissed.    Under the authority of that case, the decree appealed from here, so far as it can be effective, is not appealable.    Therefore, without considering any other ground for dismissal presented in the argument, the appeal must be dismissed.